■ ANDREW C. PRESTON, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61910.) — Appeal from an interlocutory judgment of the Court of Claims (Modugno, J.), entered February 7, 1982, which found the State liable for injuries sustained by claimant. On June 10, 1973, claimant, then age 10, together with members of his family, went by boat to Stockport Middleground

Island located in the Hudson River near Hudson, New York, for an outing. Concededly, the island is owned by the State. At about 4:30 P.M., after spending the day swimming, waterskiing and picnicking, the party prepared to leave. Because of low tide, the boat was located several feet from shore. While walking through the water towards the boat and carrying picnic items, claimant fell or tripped over a submerged pipe which was embedded in a concrete base. The water was two or two and one-half feet deep and the tip of the pipe was visible from above the water. Claimant injured his right leg. This bifurcated trial ensued and the court found the State solely liable for the injuries sustained by claimant due to the negligence of the State. This appeal by the State followed. There must be a reversal. From our examination of the record, we find no duty owing claimant by the State which would impose liability. Considering the vast water area of lakes and rivers in this State, it would be utterly impossible and unduly onerous to require the State to continually dredge or inspect such areas for submerged objects. The record does not reveal the purpose of the pipe or who placed it there. Since on this record there was no duty owed under the circumstances, there can be no liability (*Pulka v Edelman,* 40 NY2d 781). Assuming, *arguendo,* that there was a duty, the record is devoid of any notice to the State of the pipe in question (see *Oppel v City of Long Beach,* 262 App Div 777). The claim must be dismissed. Judgment reversed, on the law and the facts, without costs, and claim dismissed. Sweeney, J. P., Kane, Main and Weiss, JJ., concur; Mikoll, J., dissents and votes to affirm in the following memorandum.

Mikoll, J. (dissenting). I respectfully dissent. The property where claimant sustained his injury was specifically maintained by New York State for public use as a recreation area. Signs denominated the area as such and a particular part of the island was designated for swimming only. It was foreseeable under these circumstances that the public would rely on the designation by using the swimming area. Those who came to the island did so at the invitation and consent of the State. Under such circumstances the State should have made a reasonable inspection of the area and should have taken whatever protective measures were indicated to safeguard the public. A reasonable inspection would have revealed the dangerous condition. Further, the corroded, submerged pipe, embedded in concrete, near the shoreline, was there for some four years prior to the incident. The State had constructive notice of its existence and should have taken appropriate steps to protect the public from the dangers of this hidden trap. The judgment should be affirmed.